35 F.3d 557
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Anthony CRAWFORD, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Henry Patrick LOUISIAS, Defendant-Appellant.
 Nos. 93-5969, 94-5009.
 United States Court of Appeals, Fourth Circuit.
 Argued July 20, 1994.
Decided Sept. 2, 1994.
 
 Appeals from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Fox, District Judge. (CR-93-87).
 ARGUED: Edwin Chrisco Walker, Asst. Fed. Public Defender, Raleigh, NC, for appellant Crawford; Dal Floyd Wooten, III, Kinston, NC, for appellant Louisias.
 William Arthur Webb, Asst. U.S. Atty., Raleigh, NC, for appellee.
 ON BRIEF: Janice McKenzie Cole, U.S. Atty., Raleigh, NC, for appellee.
 E.D.N.C.
 AFFIRMED.
 Before WILKINSON and WILKINS, Circuit Judges, and ANDERSON, United States District Judge for the District of South Carolina, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Michael Anthony Crawford and Henry Patrick Louisias appeal their convictions of possession of cocaine base with the intent to distribute, see 21 U.S.C.A. Sec. 841(a)(1) (West 1981), and using or carrying a firearm during and in relation to a drug trafficking offense, see 18 U.S.C.A. Sec. 924(c) (West Supp.1994). Of the numerous contentions raised by Crawford and Louisias, we find that only two merit discussion: (1) whether the district court erred in holding that Louisias lacked standing to seek the suppression of evidence seized during the search of a vehicle in which he was a passenger, and (2) whether the district court abused its discretion in failing to grant Crawford's motion for a mistrial after the prosecuting attorney asked a testifying police officer an improper question. We conclude that Louisias did not have an expectation of privacy necessary to permit him to challenge the search. We further find that the district court did not abuse its discretion in denying Crawford's motion for a mistrial. Accordingly, we affirm.
 
 I.
 
 2
 On July 2, 1992, at approximately 2:30 a.m., Officer Woolard of the Kinston, North Carolina Police Department stopped a vehicle after observing that it was being driven without its headlights illuminated. As he approached the vehicle, he noticed the odor of marijuana and observed that the driver, Crawford, had what appeared to be marijuana residue on his legs. When Crawford was unable to produce a driver's license, Officer Woolard requested that he step out of the vehicle. As Crawford did so, Officer Woolard noticed an open bottle of beer on the floor of the driver's side of the vehicle. Officer Woolard frisked Crawford and placed him under arrest.
 
 
 3
 When Louisias, who was seated on the front passenger side, exited the vehicle, another officer on the scene observed a handgun protruding from beneath Louisias' seat. After removing the handgun, the officer conducted a computer check which revealed that it had been reported stolen. Louisias was taken into custody. Shortly thereafter, a third officer searched the vehicle and discovered a shaving kit containing 44.6 grams of cocaine base also located under Louisias' seat.
 
 
 4
 Louisias filed a pretrial motion seeking to suppress the handgun and cocaine base seized from the vehicle. In his supporting affidavit, Louisias asserted that he was merely a passenger in the vehicle, which had been driven by Crawford and rented by another individual. He also maintained that he had no knowledge of the cocaine base or the handgun that was found in the vehicle. The district court denied the motion to suppress, concluding that as a guest passenger Louisias did not have standing to challenge the legality of the search of the vehicle.
 
 
 5
 During Crawford's trial, the prosecuting attorney asked a testifying police officer whether other people had been convicted on the basis of his testimony. The district court sustained Crawford's objection and instructed the jury to disregard the question. The court, however, denied Crawford's motion for a mistrial.
 
 II.
 
 6
 Louisias asserts that the district court erred in finding that he lacked standing to challenge the legality of the search of the vehicle. We review de novo the suppression determination of the district court, but apply the more deferential clearly erroneous standard to the factual findings underlying that conclusion. United States v. Rusher, 966 F.2d 868, 873 (4th Cir.), cert. denied, 113 S.Ct. 351 (1992).
 
 
 7
 An individual may not challenge the legality of a search unless he has a legitimate expectation of privacy in the place searched or items seized. Rakas v. Illinois, 439 U.S. 128, 148 (1978). A passenger in a vehicle "normally has no legitimate expectation of privacy in a car in which he asserts neither a property interest nor a possessory interest and where he disclaims any interest in the seized object." Rusher, 966 F.2d at 874. In his affidavit, Louisias maintained that he was merely a guest passenger in the vehicle and did not assert that he possessed a property or possessory interest in it.* Moreover, he affirmatively disavowed any interest in the cocaine base or the handgun. Because Louisias failed to assert a property or possessory interest in the vehicle and did not claim a possessory interest in the cocaine base or the handgun, we conclude that he did not have an expectation of privacy in the vehicle and therefore could not challenge the legality of the search.
 
 III.
 
 8
 Crawford argues that the question asked by the prosecuting attorney concerning whether other people had been convicted on the basis of the police officer's testimony constituted improper vouching, thereby entitling him to a mistrial. We review for abuse of discretion the denial of his motion for a mistrial. United States v. West, 877 F.2d 281, 287-88 (4th Cir.), cert. denied, 493 U.S. 869, and cert. denied, 493 U.S. 959 (1989), and cert. denied, 493 U.S. 1070 (1990). The denial of the motion will constitute an abuse of discretion by the district court only if Crawford can show undue prejudice. See id. at 288.
 
 
 9
 The Government concedes, and we agree, that the question was improper. However, Crawford objected before the witness could answer, and the district court gave a curative instruction, directing the jury to disregard the question. In light of this instruction, we conclude that the question was not so prejudicial as to warrant a mistrial. Thus, the district court did not abuse its discretion in denying Crawford's motion.
 
 IV.
 
 10
 We have carefully considered all of the other arguments presented by Crawford and Louisias and find them to be without merit. Accordingly, we affirm their convictions.
 
 
 11
 AFFIRMED.
 
 
 
 *
 On appeal Louisias asserts that he had a possessory interest in the vehicle because his girlfriend had rented it and had given him permission to drive it. This information was not presented to the district court, and we do not consider it in assessing whether Louisias possessed a legitimate expectation of privacy in the vehicle. See United States v. Blackwell, 946 F.2d 1049, 1052 n. 2 (4th Cir.1991). In any event, the search was justified as a search incident to arrest. New York v. Belton, 453 U.S. 454, 460 (1981). Consequently, we find that no injustice would result from our failure to consider the argument raised by Louisias for the first time on appeal